[No. 14508. In Bank.— January 20, 1892.]

## J. G. WICKERSHAM, APPELLANT, v. P. W. MURPHY, RESPONDENT.

CORPORATIONS — RESIGNATION OF DIRECTOR — ACTION BY APPOINTEE. — The provisions of section 315 of the Civil Code are not intended to apply where the plaintiff does not claim to be aggrieved by any election of a corporate body, but complains that after he was regularly appointed to fill a vacancy caused by the resignation of an elected director of a corporation some of the remaining members of the board refused to acknowledge his rights, and that, together with the director who had resigned, and who still claims to be a director, they had excluded him from participation in the action of the board.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The action was brought for the purpose of determining the right of the defendant to be a director in the Bank of San Luis Obispo. The facts are stated in the opinion of the court in this case and in the case of *Wickersham* v. *Brittan, ante,* p. 34.

*Lippitt & Lippitt, Henley & Swift, Wilcoxon & Bouldin, Crittenden Thornton,* and *F. H. Merzbach,* for Appellant.

*Graves & Graves,* and *James L. Crittenden,* for Respondent.

HARRISON, J. — The present case involves a consideration of the same facts as the case of *Wickersham* v. *Brittan, ante,* p. 34. In addition to the facts in that case, the petition herein alleges that on the 14th of January, 1891, the defendant, Murphy, who had been elected a director at the annual meeting in October, resigned his office as such director, and his resignation having been accepted by the board, the plaintiff was thereafter on the same day chosen a director in his place by the unanimous vote of the remaining members of the board. The petition then alleges that "the said P. W. Murphy claims and pretends still to be a director of said corporation, and he and the said James L. Crittenden and W. E. Stewart have refused to acknowledge your petitioner as a member. of said board, or to meet with him as a member thereof, and have excluded and threatened to exclude your petitioner from all participation in the acts of said board, or the government of said corporation, in the interest of and in support of the claim of said P. W. Murphy."

We do not think that the provisions of section 315 of the Civil Code are intended to apply to this case. The plaintiff does not claim to be aggrieved by any "election" of any corporate body, but rather by the fact that after he had been regularly and properly chosen as a director, some of the remaining members of the board refused to recognize his right to the office. For such a grievance his remedy must be sought in a different proceeding.

The judgment is affirmed.

DE HAVEN, J., McFARLAND, J., GAROUTTE, J., SHARPSTEIN, J., and PATERSON, J., concurred.